IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHNNY COLLINS,

    Plaintiff

  vs.

J. WIEKRYKAS, *et al.*,

    Defendants

CIVIL NO. 1:CV-16-1029

(Judge Caldwell)

*M E M O R A N D U M*

I.   *Introduction*

    The pro se plaintiff, Johnny Collins, an inmate at the Mahanoy State Correctional Institution (SCI-Mahanoy), in Frackville, Pennsylvania, filed this 42 U.S.C. § 1983 action, alleging that Records Supervisor J. Wiekrykas, Superintendent John Kerestes and Chief Grievance Officer Dorina Varner violated his Eighth Amendment and due-process rights by delaying the commencement of one of his criminal sentences. (ECF No. 1, Compl.) As relief he seeks compensatory and punitive damages. He has also filed a motion to proceed *in forma pauperis*, 28 U.S.C. § 1915.

    For the reasons that follow, Collins' motion to proceed *in forma pauperis* (ECF No. 2) will be granted, but his Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) for failure to state a claim on which relief may be granted. He will not be granted leave to file an amended complaint as an amended complaint would be futile.

II.  *Standard of Review for Screening*

When a litigant seeks to proceed *in forma pauperis,* without the prepayment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint. Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint. *See* 28 U.S.C. § 1915A(a). Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)(citing *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989)). In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Under Rule 12(b)(6), we "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949 - 50, 173 L.Ed.2d 868 (2009)). The court may also rely on exhibits attached to the complaint and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

A complaint filed by a pro se plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184 (3d Cir. 2015)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Yet, even a pro se plaintiff "must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir.2013) (citation omitted). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

III. *Allegations of the Complaint*

On January 15, 2003, Collins was found guilty of Receiving Stolen Property and Driving under a Suspended License. *See Commonwealth v. Collins*, CP-22-CR-2607-2002 (Pa. Ct. Com. Pl. Dauphin Cnty.).[1] He was sentenced on May 7, 2003. (*Id.*) He received a term of sixty months' imprisonment and credit for time running from July 22, 2002, to May 7, 2003. (*Id.*) On July 8, 2004, the Pennsylvania Superior Court affirmed his sentence. (*Id.*) On July 26, 2010, Collins' motion for postconviction relief was dismissed. (*Id.*) Collins was released on Probation/Parole on April 19, 2010. (*Id.*) On October 19, 2010, a detainer was issued on this sentence. (*Id.*) On August 21, 2007, a parole

---

[1] Available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

-3-

revocation hearing was held. (*Id.*) The docket entry reflects the following notation: "Revocation Hearing Held 8/21/12 before Judge John Cherry. Ct. 1 - T.B.R.S.P. - CLOSE DOCKET." (*Id.*)

On January 10, 2007, Collins pled guilty to various drug charges. *See Commonwealth v. Collins*, CP-22-CR-09994629-2006 (Pa. Ct. Com. Pl. Dauphin Cnty.).[2] On January 12, 2007, Collins was sentenced to two-and-a-half years to five years' imprisonment on the drug charges. He was to receive credit from May 18, 2006, to January 10, 2007. (*Id.*)

On October 19, 2010, Collins was again arrested by the Harrisburg Police Department on various drug charges. *See Commonwealth v. Collins*, CP-22-CR-0006085-2010 (Pa. Ct. Com. Pl. Dauphin Cnty.).[3] On May 8, 2012, Collins was found guilty on several of the drug charges. (*Id.*) On July 25, 2012, Plaintiff was sentenced to nine to eighteen years' imprisonment followed by one year's probation. (*Id.*)

On February 25, 2013, the Pennsylvania Board of Probation and Parole (the Board) rendered a decision to recommit Collins as a convicted parole violator to serve eighteen months' backtime. (ECF No. 1, Compl., p. 3). Collins alleges that on April 11, 2011, both cases "(2607 and 4629) expired prior to the 2/25/13 Board decision as a result of the 17½ months time credit on case No. 4629." (*Id.*)

---

[2] Available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

[3] Available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

-4-

On October 17, 2015, Collins filed Grievance No. 592738 concerning prison staff's failure to "cure the more than 5 year delay in the commencement of the 9 to 18 year sentence in case No. CP-22-CR-6085-2010 for more than five (5) years." (*Id.*) The grievance was denied at Final Review on January 14, 2016. (*Id.*) He names as defendants all those who took part in the administrative review and failed to act to correct this alleged sentencing error.

IV. *Discussion*

We construe Collins' Complaint as seeking monetary compensation against state prison employees for his alleged illegal confinement resulting from their failure to commence one of his sentences earlier, presumably resulting in his extended confinement.

It is well established that prisoners cannot use § 1983 to challenge the fact or duration of their confinement or seek immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Additionally, the United States Supreme Court has ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Because the allegations of the complaint make clear that there has been no prior determination that Collins should not serve the time imposed, it is appropriate to dismiss the claim for damages as legally frivolous. Collins cannot, under *Heck*, maintain a cause for unlawful imprisonment until the basis for that imprisonment is rendered invalid. The only federal avenue of relief, if Plaintiff wishes to challenge his current detention, would be to file a habeas corpus petition under 28 U.S.C. § 2254. *See also Mitchell v. Dep't of Corr.*, 272 F. Supp. 2d 464, 473 (M.D. Pa. 2003) (holding that the favorable termination rule of *Heck*, under which a state inmate must secure a determination of invalidity of his conviction or sentence before seeking § 1983 damages for unconstitutional conviction or confinement, applies to suits by prisoners who no longer are in custody, even though federal habeas relief no longer is available due to the prisoner's release). We express no opinion on the success of any such petition as a 2254 petitioner typically must resort to any available state remedy before filing a 2254 petition. See 28 U.S.C. § 2254(b)(1).

V.  *Leave to Amend*

Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 114 (3d Cir. 2002). In this case, it is clear from the facts alleged that allowing Collins leave to amend prior to invalidation of the challenged sentence would be futile.

VI. *Conclusion*

Based on the foregoing, Collins' Complaint (ECF No. 1) will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: April 24, 2017